911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Mack MCCUNE, Jr., Defendant-Appellant.
 No. 89-7516.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1990.
Decided July 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Chief District Judge. (C/A No. 86-583-HC)
 Edwin Chrisco Walker, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Stephen Aubrey West, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED AS MODIFIED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William Mack McCune, Jr., appeals from the district court's order that medical personnel at FCI Butner could proceed to exercise professional judgment with regard to the administration of antipsychotic drugs necessary for his medical care. A court-appointed Assistant Federal Public Defender has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that no meritorious argument can be made on McCune's behalf.
 
 
 2
 Counsel recently informed the Court that McCune has been paroled and that "[i]t is not a condition of parole that Mr. McCune take antipsychotic drugs." McCune himself has not contradicted this statement, despite an opportunity to do so. Accordingly, the case is moot. See Washington v. Harper, 58 U.S.L.W. 4249 (U.S. Feb. 27, 1990) (No. 88-599). We therefore modify the judgment of the district court to reflect dismissal as moot and affirm the judgment as modified.
 
 
 3
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the Plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel must prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 
 4
 As our review of the record and other materials before us indicates that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 5
 AFFIRMED AS MODIFIED.